IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

        v.

EUMIR WHITLEY,

    Defendant.

Case No. 19-cr-40062-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on consideration of defendant Eumir Whitley's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, making Amendment 821 retroactive (Doc. 57).   Counsel voluntarily appeared for the defendant and has moved to withdraw because she does not believe the defendant is eligible for a reduction (Doc. 61).   *See Anders v. California*, 386 U.S. 738, 744 (1967).   The Government has responded to counsel's motion indicating it agrees that the defendant is not eligible for a reduction (Doc. 62).   The defendant did not respond to counsel's motion to withdraw, although he was given an opportunity to do so.

Whitley pled guilty to four counts of distribution of heroin and one count of possession of heroin with intent to distribute.   At sentencing, the Court found Whitley was a career offender under U.S.S.G. § 4B1.1(a).   The Court further found Whitley's total offense level was the same whether based on his relevant conduct or his career offender status—29.

The defendant had accumulated 11 criminal history points, 2 of which were assessed because he was under a criminal sentence when he committed the offenses of conviction ("status points").   *See* PSR ¶¶ 46-48.   However, because he was a career offender, his criminal history

category was automatically VI.  *See* PSR ¶ 49; U.S.S.G. § 4B1.1(b).  This yielded a guideline sentencing range of 151 to 188 months in prison.  The Court imposed a sentence of 162 months.

The defendant now asks the Court to apply recent changes to the Sentencing Guidelines to lower his sentence.  Part A of Amendment 821 amended U.S.S.G. § 4A1.1(e) and concerns criminal history status points.  For defendants who received status points and had 7 or more criminal history points for prior convictions, Amendment 821 provides that their 2-point assessment be reduced to 1 point.[1]  Amendment 821 is retroactive.  *See* U.S.S.G. § 1B1.10(d) (2023).

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."  In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria:  (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

The defendant does not satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)."  18 U.S.C. § 3582(c)(2).  Amendment 821 did not lower the defendant's guideline sentencing range.  It is true that it reduced the

---

[1] Part B of Amendment 821 concerns defendants with no criminal history points.  This does not apply to the defendant because he was assessed criminal history points.

defendant's criminal history points from 11 to 10, but his criminal history category remained VI because of his career offender status.   Thus, Amendment 821 did not result in a lower criminal history category, and it did not lower the defendant's guideline sentencing range.[2]

For the foregoing reasons, the Court **GRANTS** counsel's motion to withdraw (Doc. 61) and **DENIES** Whitley's *pro se* motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and U.S.S.G. Amendment 821 (Doc. 57).   FPD Kim C. Freter is **TERMINATED** as counsel in this case.

**IT IS SO ORDERED.**
**DATED:   August 13, 2024**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**U.S. DISTRICT JUDGE**

---

[2] Whitley claims that one of his convictions on which his career offender status rested was vacated, so he should no longer be a career offender.   While Whitley may be entitled to some relief using another avenue, Amendment 821 offers him no relief.

3